UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES SMITH, *et al.*,

    Plaintiffs,

v.

GENERAL MOTORS, LLC,

    Defendant.

Case No. 17-14146
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

---

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION [46] AND GRANTING IN PART MOTION TO STRIKE AMENDED COMPLAINT [47]**

---

Plaintiffs own or owned GM vehicles which they allege developed cracks in dashboards years after purchase. These cracks, they allege, can pose a safety hazard. So, as a proposed class, Plaintiffs bring claims of fraud, breach of implied and express warranty, unjust enrichment and claims under the Magnusson Moss Warranty Act. GM moved to dismiss the complaint alleging deficiencies in standing and pleading. (ECF No. 31.) Following oral argument, the Court granted GM's motion, but allowed Plaintiffs an opportunity to file an amended complaint to replead their implied warranty claims. (ECF No. 43.) Plaintiffs filed an amended complaint (ECF No. 45) as well as a motion for reconsideration (ECF No. 46).

For the reasons stated below, the Court denies Plaintiffs' motion for reconsideration.

**I.**

In December 2017, Plaintiffs filed their original complaint. (ECF No. 1.) GM moved to dismiss that complaint. (ECF No. 12.) After Plaintiffs filed an amended complaint (ECF No. 14), GM again moved to dismiss. (ECF No. 31.) They relied in large part on a virtually identical case pending in federal court in Wisconsin, *Mross v. General Motors Co.*, LLC, No. 15-00435, 2016

WL 4497300 (E.D. Wis. Aug. 25, 2016). In response to that second motion, Plaintiffs likewise "urge[d] this Court to follow *Mross*, which actually supports the viability of Plaintiff's claims." (ECF No. 32, PageID.1382.)

So the Court did rely on *Mross*. But *Mross* was less helpful to Plaintiffs than they believed, and the Court found that only the implied-warranty claims had been adequately pled. Plaintiffs now reverse course and make new arguments in their request for the Court to reconsider its summary judgment ruling. None persuade.

## II.

Local Rule 7.1 permits a party to move for "rehearing or reconsideration . . . within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). And the moving party has a two-part burden. First the moving party must "demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and then "show that correcting the defect will result in a different disposition of the case." E.D. Mich. Local Rule 7.1(h)(3).

## III.

Plaintiffs first argue that the Court "reache[d] legal conclusions based on arguments not raised by GM and without supporting law." (ECF No. 46, PageID.2267.) They so argue because GM did not make any state-specific arguments for dismissal of Plaintiffs' claims for fraudulent concealment, consumer protection violations, and unjust enrichment. (*Id.*) True, GM, relying on *Mross* and the Restatement (Second) of Torts, did make general arguments that the claims are subject to dismissal. (*See* ECF No. 31.) But Plaintiffs did not object to GM's approach in its response or argue that some states indeed had laws that differed from the Restatement in legally significant ways. *Cf. Counts v. General Motors,* LLC, 237 F. Supp. 3d 572, 594, 597 (E.D. Mich.

2

2017) (refusing to address state-specific arguments parties raised by citing to appendices instead of integrating the information into the briefing); *In re Chrysler-Dodge-Jeep Ecodiesel Mktg., Sales Practices, & Prod. Liab. Litig.*, 295, F. Supp. 3d 927, 1015 (N.D. Cal 2018) (same); *In re Mercedes-Benz Emissions Litig.*, No. 16-881, 2019 WL 413541 (D.N.J. Feb 1, 2019) (same). To the contrary, Plaintiffs stated that because GM made general arguments, "this Court may evaluate the sufficiency of Plaintiffs' fraud-based claims without engaging in an arduous state-by-state analysis, and instead, may evaluate them by simply addressing GM's generalized arguments for dismissal." (ECF No. 32, PageID.1387.) So that is what the Court did. The Court is not responsible to *sua sponte* raise and resolve legal arguments that the parties have not briefed. *See Counts*, 237 F. Supp. 3d at 594.

Next, Plaintiffs argue that the Court erred in finding that Plaintiffs needed to have pled the existence of a safety defect and GM's knowledge of that safety defect, and that they failed to state a claim of unjust enrichment. (ECF No. 46, PageID.2269–2276, 2283–2288.) But the Court did so by applying the reasoning in *Mross*. And the Court relied on *Mross* because both parties, including Plaintiffs, asked the Court to do so. (*See, e.g.,* ECF No. 32, PageID.1372 (Plaintiffs advised that this case "presents no Gordian Knot for this Court to untie" in part because the Court "has the benefit of *Mross*").) In their summary judgment response brief, Plaintiffs included a separate section (not under any particular claim) entitled "*Mross v. General Motors Company, LLC*" in which they "urge[d] this Court to follow *Mross*, which actually supports the viability of Plaintiffs' claims." (ECF No. 32, PageID.1382.) That statement was not conditioned or cabined to any particular claim. Although Plaintiffs later argued that they should not need to plead knowledge of the safety risk posed by the alleged defect, the Court stated at the hearing that Plaintiffs "cannot have it both ways." (ECF No. 44, PageID.1550.) Further, at numerous times during the hearing,

3

the Court referenced the parties' request that the Court follow *Mross*. At no time did either party correct that understanding or disagree with that characterization. And at one point, Plaintiffs' counsel stated that the Court should follow the rationale of the *Mross* rulings. (ECF No. 44, PageID.1514.) The Court does not find its reliance on *Mross* to be a palpable defect.

Plaintiffs also argue that the Court applied the wrong legal standard in finding that they did not adequately plead that GM knew about the safety risk posed by the crack in the dashboard. Plaintiffs argue that the Court required them to allege that GM had subjective knowledge of the safety risk posed by the defect. But the Court stated that Plaintiffs needed to plead facts that make it *plausible to infer* that GM knew about the safety issue. (ECF No. 44, PageID.1550.) Not that GM subjectively knew. And the Court found that Plaintiffs' bare allegations about testing and complaints and warranty claims did not make it plausible that GM knew about the safety risk. There is no palpable error.

Plaintiffs also argue that the Court conflated their consumer protection and fraudulent concealment claims. Not so. Instead, GM put forth one general argument for why these two sets of claims fail. And Plaintiffs' response to this general argument was that "GM's arguments for the dismissal of Plaintiffs' consumer protection claims are no different and fail for the same reasons as discussed above." (ECF No. 32, PageID.1403.) Plaintiffs did go on to argue that consumer protection claims "often" require less proof than common law fraud and that "many consumer protection statutes protect against deceptive or unfair conduct even if it does not involve deceit." (ECF No. 32, PageID.1404.) But Plaintiffs did not identify which state laws had what requirements and how their claims were adequately pled under those different elements. Instead, they just asserted that different states have different laws. And they never bothered to explain why their claims were properly pled under each state's law. Even now, Plaintiffs do not identify which states'

4

laws have standards that would have been met by their pleadings. It is not the Court's role to create or flesh out arguments for a party—let alone do that 50 times.

At bottom, Plaintiffs fail to establish that the Court made a palpable error in granting GM's motion to dismiss.

Plaintiff's motion is DENIED. (ECF No. 46.)

As part of its ruling on GM's motion to dismiss, the Court did allow Plaintiffs to file another amended complaint on the implied warranty claim. But Plaintiffs filed an amended complaint that included all of the dismissed claims in order to preserve them for appeal. (ECF No. 45, 48.) GM has moved to strike the amended complaint and for entry of final judgment. (ECF No. 47.) The motion is GRANTED IN PART. Plaintiffs shall have until April 24, 2019 to file an amended complaint limited to the implied warranty claim. The counts that were dismissed and re-pled will be struck without prejudice to Plaintiffs' appellate rights.

IT IS SO ORDERED.

            s/Laurie J. Michelson
            LAURIE J. MICHELSON
            UNITED STATES DISTRICT JUDGE

Date: April 17, 2019

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon counsel of record on April 17, 2019 using the Court's ECF system.

            s/William Barkholz
            Case Manager to
            Honorable Laurie J. Michelson